IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

    Plaintiff,                    No. CIV S-05-0148 GEB JFM P

    vs.

E. MERAZ, et al.,                  ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

                           /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant Meraz violated his Eighth Amendment rights by refusing to provide him meals during August and September of 2004 and mocked plaintiff or tampered with his food in August of 2004. In addition, plaintiff contends defendant Delgado failed to prevent defendant Meraz from denying plaintiff meals on September 16 and 17, 2004, and that defendant Davey failed to grant plaintiff's prison grievance to stop defendant Meraz from denying plaintiff's meals, permitting defendant Meraz to continue denying plaintiff's meals.

          This matter is before the court on defendants' motion to dismiss this action pursuant to the unenumerated portion of Fed. R. Civ. P. 12(b) due to plaintiff's failure to exhaust administrative remedies as to his claims against defendants Delgado and Davey. On August 19,

1

1 | 2005, defendants filed a request for leave to file a late reply.  Good cause appearing, defendants'
2 | request to file a late reply will be granted.
3 |    On April 14, 2005, plaintiff received the notice required by <u>Wyatt v. Terhune</u>, 315
4 | F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for
5 | failure to exhaust administrative remedies.

## ANALYSIS

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001)."
<u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002); <u>see also</u> <u>Porter v. Nussle</u>, 534 U.S.
516, 524 (2002).  Exhaustion must precede the filing of the complaint and that compliance with
the statute is not achieved by satisfying the exhaustion requirement during the course of an
action.  <u>McKinney</u>, 311 F.3d at 1199.  Defendants have the burden of establishing that plaintiff
failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a).  <u>See</u> <u>Wyatt</u>, 315 F.3d at
1120; <u>Brown v. Valoff</u>, ___ F.3d ____, 2005 WL 2129069 (9th Cir. 2005).

   The California prison grievance procedure has several layers, culminating in the
third, or Director's, level review.  Cal.Code Regs tit. 15, §§ 3084.1- 3084.5.  Administrative
procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or
third level review, with respect to his issues or claims, unless a step of the grievance process is
not available to plaintiff.  Cal. Code Regs. tit. 15, § 3084.5.  The third or "Director's Level" of
review "shall be final and exhausts all administrative remedies available in the Department [of
Corrections.]"  <u>See</u> Cal. Dep't of Corrections Operations Manual, § 54100.11, "Levels of
Review"; <u>Irvin v. Zamora</u>, 161 F.Supp.2d 1125, 1129 (S.D. Cal.2001).

/////

In addition, to satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) (1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process); cf. Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005) (administrative remedy not "available" if grievance has been rejected as untimely despite prison officials' discretion to accept late claims).

Defendants concede exhaustion of plaintiff's claims as to defendant Meraz.[1] Defendants contend, however, that plaintiff failed to exhaust administrative remedies with respect to two claims raised against defendants Delgado and Davey. Specifically, defendants assert plaintiff failed to exhaust his claims that defendant Delgado failed to supervise defendant Meraz and that defendant Davey failed to grant plaintiff's grievance concerning Meraz's actions.

In opposition to defendants' motion, plaintiff contends his unlogged grievance demonstrates defendant Delgado was just as responsible for providing meals as defendant Meraz, and that Delgado "became in compliance with the acts of Meraz." (Opp'n at 5.) The September 26, 2004 unlogged states:

> While Stevens was feeding the top tier Meraz stopped him when he got to my cell and told him he'll do 230, and he simply placed the lock on the tray slot and walked away with the tray. On the 15th C/O Eslich was about to feed me and he told her to do the other side of tier to prevent me from receiving my food. On the 16th

---

[1] Initially defendants contended plaintiff had not exhausted all of his claims concerning defendant Meraz. However, in their reply, defendants withdrew Section III of their motion because plaintiff presented evidence he had attempted to exhaust, but was prevented from doing so because prison appeals staff misread the grievance and did not log it, believing it was duplicative of plaintiff's other two grievances. (Reply at 1-2.) The unlogged grievance, signed September 26, 2004, only contains allegations as to defendant Meraz, and a passing reference to defendant Delgado. (Opp'n, Ex. A.) Plaintiff attempted to file this unlogged grievance again, but it was again returned unlogged on October 7, 2004, as prison officials erroneously believed it was duplicative. (Pl.'s Decl. at 2.) This unlogged grievance, signed September 26, 2004, is referred to herein as the "unlogged grievance."

        when Meraz refused to feed me I asked Officer Delgado can I
receive my meals.  When Delgado asked Meraz, Meraz told him
no, and called me a fucking idiot.  On the 17th when Meraz refused
to feed me I asked Delgado again for my meals, and Delgado
looked at Meraz for a response while he was walking past him and
Meraz stated: "Fuck that lazy motherfucker."  Whenever another
officer is about to feed me Meraz stops them, and the only way I'm
able to eat is on his off days.

(Pl.'s Decl. Attachment 1 at 1-2.)  In his complaint, plaintiff alleges:

        I informed officer Delgado prior to these events ever occurring of
my suspicions of the actions Meraz is about to partake in, and
asked Delgado to prior to these events can he feed me to make sure
I receive my meals, and Delgado stated that he will.  However,
Delgado became in compliance to these actions.

        On 9-16-04 while serving the meals, He and Meraz was joking out
loud, saying Hello Sunshine to each other, which was a response to
the reference I made in the appeal.  On 9-17-04 I told officer
Delgado since he's the regular floor officer he's just as responsible
as Meraz in making sure I'm provided my meals, and I asked him
why does he allow Meraz to withhold my meals, and why he
doesn't give me a tray when I ask him, when Meraz does not wish
to.  And he stated that: He has to back his partner, just like I may
back other inmates, and if Meraz don't want to feed me he has to
back his call.

(Complaint at 7-8.)

        The two grievances that plaintiff exhausted through the third level of review did not specifically name defendant Delgado or defendant Davey or any acts attributable to them. (Grievance 04-2171, attached as Exhibit A to Motion and Opp'n; Grievance 04-2296, attached as Exhibit B to Motion and Opp'n.)  Thus, the issue as to defendant Delgado is whether plaintiff's unlogged grievance specifically raised a claim as to defendant Delgado.  This court finds that plaintiff's statements in the unlogged grievance were insufficient to provide notice of an alleged claim that defendant Delgado failed to adequately supervise defendant Meraz in providing plaintiff his meals or that he conspired with defendant Meraz to deny plaintiff his meals. Although plaintiff mentions other correctional officers Stevens, Eslich and Delgado in the unlogged grievance, plaintiff's focus was on the fact that defendant Meraz was obstructing his

1  ability to get his meals and that defendant Meraz was interfering with these other officers'
2  attempts to get plaintiff his meals.  Such allegations are insufficient to demonstrate
3  administrative exhaustion of a purported claim that defendant Delgado somehow failed to
4  supervise or conspired with defendant Meraz.  Merely reciting an officer's name in a grievance
5  form is not sufficient to demonstrate exhaustion.
6         Plaintiff did not, as he did in the instant complaint, state that he had informed
7  defendant Delgado of defendant Meraz' actions and solicited defendant Delgado's assistance in
8  getting his meals.  Rather, he stated only that he asked Delgado for his meal.  Thus, plaintiff's
9  claims against defendant Delgado should be dismissed.
10        As to defendant Davey, plaintiff contends in his complaint that defendant Davey
11 encouraged these acts by letting defendant Meraz continue to deny plaintiff his meals after
12 defendant Davey rejected plaintiff's grievance.  (Id. at 6.)  In his opposition, plaintiff does not
13 dispute the fact he failed to file a grievance concerning his claim that defendant Davey failed to
14 supervise and prevent defendant Meraz from denying plaintiff his meals.  Rather, plaintiff notes
15 that although Davey's initial role was factfinder during the grievance process, Meraz was
16 Davey's subordinate, so that once Davey was made aware plaintiff was not receiving meals, it
17 was incumbent upon Davey to stop Meraz:

18,19,20
> Furthermore, the plaintiff alleged in the complaint that Davey encouraged these acts by letting Meraz continue to deny the meals on September 14 thru 25 of 2004.  And as the issue of plaintiff being denied his meals has been exhausted, thus Davey's participation in said denial as well, as the "act" has been exhausted.

21 (Opp'n. at 6.)
22        To the extent plaintiff is seeking to claim defendant Davey violated plaintiff's
23 constitutional rights by rejecting plaintiff's grievance, that claim fails to state a constitutional
24 claim.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) (order) ("[t]here is no legitimate
25 claim of entitlement to a grievance procedure"); see also Ramirez v. Galaza, 334 F.3d 850, 860
26 /////

5

1  (9th Cir.2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance
2  procedure").

3          To the extent plaintiff is contending defendant Davey failed to supervise or
4  conspired with defendant Meraz to deny plaintiff his meals, such claim is unexhausted as
5  plaintiff has failed to present any evidence he filed a grievance concerning this claim and those
6  grievances that were submitted do not name defendant Davey nor raise such allegations sufficient
7  to put prison officials on notice of plaintiff's alleged claim against Davey. Ornelas v. Giurbino,
8  358 F.Supp.2d 955 (S.D. Cal. 2005); Nichols v. Logan, 355 F.Supp.2d 1155 (S.D. Cal. 2004).

9          Finally, the court has reviewed the unlogged grievance to determine whether
10 plaintiff was at all precluded from pursuing his claims against defendants Delgado or Davey due
11 to the erroneous rejection of his unlogged September 26, 2004 grievance. If a grievance has been
12 rejected for a procedural reason, there is no remedy available for a plaintiff to exhaust. Ngo, 408
13 F.3d at 625. However, in the instant action, the unlogged grievance again focused on the
14 wrongful actions of defendant Meraz, rather than on the actions of defendants Delgado or Davey.
15 Because the unlogged grievance did not include plaintiff's claims against Delgado or Davey, he
16 was not precluded from pursuing those claims through the administrative process. Thus, this
17 court finds there was a remedy available to plaintiff as to his claims against defendants Delgado
18 and Davey because they were not raised in the unlogged grievance.

19         For the foregoing reasons, this court finds that plaintiff did not exhaust
20 administrative remedies prior to suit for his claims against defendants Delgado and Davey, and
21 these claims should be dismissed. Specifically, the court will recommend that plaintiff's
22 complaint be dismissed, that plaintiff be given thirty days to file and serve an amended complaint
23 that omits his unexhausted claims against defendants Delgado and Davey, and that defendant
24 Meraz, the sole remaining defendant, be directed to respond to an amended complaint within
25 twenty days of service thereof.
26 /////

In accordance with the above, IT IS HEREBY ORDERED that defendants' August 19, 2005 request for leave to file a late reply is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' July 27, 2005 motion to dismiss be granted in part;

2. Plaintiff's complaint be dismissed for failure to exhaust administrative remedies prior to suit with respect to his claims against defendants Delgado and Davey;

3. Plaintiff be granted thirty days from the date of any order by the district court adopting these findings and recommendations to file and serve an amended complaint that omits his unexhausted claims as to defendants Delgado and Davey; and

4. Defendant Meraz be directed to respond to an amended complaint within twenty days of service thereof.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 20, 2005.

/s/ [signature]
UNITED STATES MAGISTRATE JUDGE

1; fost0148.mtd