IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

        Plaintiff,                    No. CIV S-05-0148 GEB JFM P

    vs.

E. MERAZ,

        Defendant.[1]                <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint in this action on January 24, 2005. By order filed March 24, 2005, this court found that plaintiff's complaint stated cognizable claims for relief against three defendants named in the original complaint, Officers Meraz, Delgado and Davey. Thereafter, the court ordered the United States Marshal to serve process on said defendants. Thereafter, defendants moved to dismiss the claims against defendants Delgado and Davey for failure to exhaust administrative remedies prior to suit. By order filed November 22, 2005, the district court granted defendants' motion and ordered plaintiff to file within thirty days an amended complaint that omitted his unexhausted claims against said defendant. In the same

---

[1] In light of the district court's order of November 22, 2005 and plaintiff's amended complaint filed in response thereto, the caption of this action is changed to reflect that the action is proceeding solely against defendant E. Meraz.

1

order, defendant Meraz was directed to respond to an amended complaint within twenty days of service thereof.

On January 12, 2006, plaintiff filed an amended complaint. On February 22, 2006, defendant Meraz moved to dismiss or to strike the amended complaint for alleged noncompliance with the November 22, 2005 order. Defendant Meraz contends that plaintiff has repleaded "unexhausted allegations" against defendant Delgado that should have been omitted from the amended complaint. In opposition to the motion, plaintiff acknowledges the references to defendant Delgado but contends they are included solely to provide context and support for his cognizable claim against defendant Meraz.

Review of the amended complaint demonstrates clearly that plaintiff has only named defendant Meraz as a defendant in said complaint. The only defendant identified in the caption of the complaint is defendant Meraz. See Fed. R. Civ. P. 10(a) (all parties must be named in caption of complaint). In addition, plaintiff seeks relief only from defendant Meraz. See Amended Complaint, filed January 12, 2006, at 3 ¶ V. Finally. plaintiff specifically claims that defendant Meraz "has continuously denied me one of life's necessities over an extended period of time, and . . . has subjected me to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. (Id. at 6.) There is no comparable statement of a claim against Officer Delgado anywhere in the amended complaint.

After review of the amended complaint and the record herein, this court finds that plaintiff has not violated the November 22, 2005 order by including references to Officer Delgado in the amended complaint. Plaintiff was directed by that order to omit from the

/////
/////
/////
/////
/////

amended complaint his unexhausted claims against Officer Delgado and he has complied with that order.  Defendant's motion to dismiss is without merit and should therefore be denied.[2]

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant Meraz's February 22, 2006 motion to dismiss be denied; and

2. Defendant Meraz be directed to answer the amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 6, 2006.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12
fost0148.mtd2

---

[2] Counsel for defendant Meraz is reminded of her obligations under Fed. R. Civ. P. 11.