IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

      Plaintiff,                    No. CIV S-05-0148 GEB JFM P

    vs.

E. MERAZ,

      Defendant.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant Meraz violated his rights under the Eighth Amendment by refusing to provide plaintiff with meals on several occasions. On October 10, 2006, plaintiff filed a motion for an order compelling discovery responses and a motion for leave to serve additional discovery requests. Defendant opposes both motions.

        Plaintiff seeks an order requiring defendant to "answer fully" interrogatories 2, 3, 4, 11 and 12 in plaintiff's first set of interrogatories, and to provide copies of documents requested in his first request for production of documents. The interrogatories were served on defendant on or about August 9, 2006, and defendant served responses on or about September 19, 2006.

1

In interrogatory number 1 plaintiff asked defendant if he provided plaintiff with a lunch on August 19, 2004 and August 21, 2004. (Ex. A to Plaintiff's Motion to Compel, filed October 10, 2006, at 1.) Defendant's response to that interrogatory was that he remembered serving meals to plaintiff, but not specifically on the dates in question. (Id.) Interrogatory number 2 followed interrogatory number 1 by asking defendant to state "specifically and in detail. [sic] As accurately as you can remember the exact sequence of events that occurred that dictated plaintiff's not receiving his lunches on these dates." (Id. at 2.) Defendant's response to the second interrogatory was the same as the first. (Id.)

Plaintiff's argument in support of this aspect of his motion flows from the erroneous assumption that defendant's response to these interrogatories constituted a tacit acknowledgment that he did not provide plaintiff lunch on those days. Plaintiff's argument misinterprets defendant's response. Defendant's response to interrogatory # 2 is sufficient and no further response will be required.

In interrogatory number 3, plaintiff asked if defendant provided plaintiff with breakfast and lunch on August 25, 2004, and in interrogatory number 4, plaintiff asked, if the answer to interrogatory number 3 was no, for an explanation why breakfast and lunch had not been provided on that day. Defendant's responses to interrogatories 3 and 4 were identical to the responses provided for interrogatories 1 and 2, specifically referring to August 19, 2004 and August 2004. Plaintiff objects to defendant's failure to respond to the request of these interrogatories for information about meal service on August 25, 2004. On October 26, 2006, defendant Meraz served plaintiff with supplemental responses to these interrogatories, stating that he remembers providing meals to plaintiff, but cannot recall if he provided meals to plaintiff on August 25, 2004. (Ex. A to Defendants' [sic] Opposition to Plaintiff's Motion to Compel and Opposition to Motion to Serve Additional Discovery, filed October 26, 2006, at 2.) The supplemental responses are adequate and no further response will be required.

/////

1   In interrogatory numbers 11 and 12, plaintiff sought information concerning the
2  identity of individuals who caused him to be served on paper trays between August 26, 2004 and
3  September 25, 2004.  In the motion to compel, plaintiff contended the responses were
4  inadequate.  Defendant Meraz served supplemental responses to these interrogatories on October
5  26, 2006. (Ex. A to Opposition, at 2-3.)  The supplemental responses are adequate and no further
6  responses will be required.

7   Plaintiff also seeks to compel production of documents in response to requests 1
8  and five in his first request for production of documents.  By request number 1, plaintiff sought
9  housing logs for Facility C, Building 8 at High Desert State Prison for the period from August
10 19, 2004 through September 25, 2004.  Defendant initially objected on grounds of relevance,
11 privilege, and confidentiality.  (Ex. B to Opposition, at 2.)  On October 26, 2006, defendants
12 served a supplemental response, providing plaintiff with a redacted copy of those parts of the
13 housing logs that pertain to plaintiff.  (Id. at 3.)  No further response will be required.

14   By request number 5, plaintiff sought "CDC 7230 from plaintiffs [sic] medical
15 files depicting medical treatment from between January 1, 2004 and December 31, 2004."  (Ex.
16 B to Motion to Compel, at 3.)  Defendant objected to this request on the ground that it was overly
17 vague and burdensome, and on the ground that defendant did not have possession, custody or
18 control of plaintiff's medical file and that plaintiff had the right to obtain copies from his medical
19 file pursuant to institutional procedures.  (Id. at 4.)  In his motion to compel, plaintiff states that
20 he has encountered "resistance" in his efforts to obtain these documents from his medical file,
21 and that he was requesting defendant's assistance with his efforts to get the documents.  (Motion
22 to Compel, at 9.)  Good cause appearing, counsel for defendant will be directed to take all steps
23 necessary to arrange for plaintiff to review his medical file in accordance with institutional
24 procedures.  In all other respects, no further response to request number 5 will be required.

25   Plaintiff also seeks leave of court to propound additional interrogatories to
26 defendant Meraz.  Defendant opposes the request both because it was filed after the deadline for

service of discovery requests set by this court's July 28, 2006 scheduling order, and because plaintiff has shown no basis for exceeding the twenty-five interrogatory limit set in the Federal Rules of Civil Procedure.

The court has reviewed the additional interrogatories proposed by plaintiff. (Attachment 1 to Motion for Leave to Serve a Second Set of Interrogatories, filed October 10, 2006.) The court finds that the proposed interrogatories are not "consistent with the principles of Rule 26(b)(2)" of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 33(a). The proposed new interrogatories, while they focus on different dates on which plaintiff was allegedly denied meals and/or fed on paper trays, are in the same form as the interrogatories already propounded to defendant Meraz. Plaintiff has had ample opportunity to inquire of defendant Meraz whether he ever denied meals to plaintiff during any time relevant to this action and whether he ever fed plaintiff on paper trays, and the burden and expense of requiring defendant Meraz to answer twenty-five more interrogatories focused on the same issue but different dates outweighs any likely benefit from allowing the requested discovery. See Fed. R. Civ. P. 26(b)(2)(C). For these reasons, plaintiff's request will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. With the exception of the requirement of paragraph 2 of this order, plaintiff's October 10, 2006 motion to compel is denied;

2. Within ten days from the date of this order, counsel for defendant shall take all steps necessary to arrange for plaintiff to review his medical file in accordance with institutional procedures; and

/////
/////
/////
/////
/////

4

3. Plaintiff's October 10, 2006 request for leave to serve a second set of interrogatories is denied

DATED: June 12, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

12
fost0148.mtc