1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD FOSTER,

11            Plaintiff,              No. CIV S-05-0148 GEB JFM P

12      vs.

13   E. MERAZ,                        ORDER AND

14            Defendant.              FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff claims that defendant violated his rights under the Eighth

18   Amendment by denying him meals on several occasions.[1]  This matter is before the court on

19   cross-motions for summary judgment.[2]

20   _____

21        [1] This action is proceeding on the amended complaint filed January 12, 2006.  See Order
     filed February 2, 2006.
22
          [2] Defendant's motion was filed on July 13, 2007.  On July 30, 2007, plaintiff filed an
23   opposition to the motion.  On the same day, plaintiff filed a request to designate his opposition as
     both an opposition and a cross-motion for summary judgment.  Plaintiff's opposition is grounded
24   in his contention that there are "material facts in dispute."  Plaintiff's Opposition to Defendant's
     Motion for Summary Judgment, filed July 30, 2007, at 1.  Plaintiff also contends that the facts
25   show defendant was deliberately indifferent to plaintiff's health and that the denial of food was
     sufficiently serious to violate the Eighth Amendment.  Id. at 4-6.  Accordingly, plaintiff's request
26   will be granted.

                                          1

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

1  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

2  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

3  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

4  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

5  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

6  1436 (9th Cir. 1987).

7          In the endeavor to establish the existence of a factual dispute, the opposing party

8  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

10  versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

11  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

12  genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

13  committee's note on 1963 amendments).

14          In resolving the summary judgment motion, the court examines the pleadings,

15  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

16  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

17  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

18  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

19  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

20  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

21  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

22  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

23  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

24  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

25  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

26  /////

1    On April 14, 2005, the court advised plaintiff of the requirements for opposing a

2  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

3  F.3d 952, 957 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999), and Klingele v.

4  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

5                                                    ANALYSIS

6  I.  Facts

7    At all times relevant to this action plaintiff was an inmate at High Desert State

8  Prison (High Desert) in Susanville, California.  At all times relevant to this action defendant was

9  a correctional officer at High Desert.  During the period at issue, plaintiff was fed in his cell.

10    Plaintiff avers that defendant failed to provide plaintiff with breakfast on August

11  25, 2004 through August 28, 2004, September 3, 2004 through September 9, 2004, September

12  14, 2004 though September 18, 2004, and September 21, 2004 through September 25, 2004.

13  (Declaration of Ronald Foster in Support of Plaintiff's Opposition to Defendant's Motion for

14  Summary Judgment, filed July 30, 2007 (Foster Declaration), at ¶ 2.)  Plaintiff avers that

15  defendant failed to provide plaintiff with lunch on August 19, 2004, August 21, 2004 through

16  August 31, 2004, September 1, 2004 through September 4, 2004, September 9, 2004 through

17  September 11, 2004, September 14, 2004 through September 18, 2004, and September 21, 2004

18  through September 25, 2004.  (Id. at ¶ 3.)[3]

19    Defendant Meraz avers that during the period at issue plaintiff would occasionally

20  fail to comply with regulations at High Desert governing in-cell feeding of inmates.  (Ex. A to

21  Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment, filed

22  July 13, 2007, Declaration of E. Meraz in Support of Defendant's Motion for Summary

23  Judgment (Meraz Declaration), at ¶ 5.)  Defendant avers that at such times staff "would attempt

24

25    [3]  Plaintiff also avers that on various occasions defendant threw plaintiff's meals at him,
   swore at plaintiff, or mocked him.  (Foster Declaration at, e.g., ¶¶ 5-10.)  Defendant denies these
   allegations.  (Meraz Declaration at ¶ 6.) The gravamen of the claim at bar arises from the alleged

26  denial of meals, and no separate claim arises from these allegations.

1  to gain Foster's compliance in order that we could feed him." (Id at ¶ 3.)  Defendant avers that

2  plaintiff "may have missed a small number of meals, or alternately, he may have been fed those

3  meals later than the inmates were fed." (Id. at ¶ 5.)

4            Both parties represent that between July 2004 and October 2004, plaintiff lost

5  seven pounds.  (Declaration of Dr. Tate in Support of Defendant's Motion for Summary

6  Judgment, filed July 13, 2007 (Tate Declaration), at ¶ 3; see also Plaintiff's Statement of

7  Undisputed and Disputed Facts in Support of Plaintiff's Opposition to Defendant's Motion for

8  Summary Judgment, filed July 30, 2007, at 2.)  The medical records provided by defendant do

9  not appear to support a finding that plaintiff lost weight in August and September 2004.

10  Attachment 1 to the Tate Declaration is a Primary Care Flow Sheet which shows that plaintiff

11  weighed 200 pounds on May 25, 2004, and 204 pounds on September 7, 2004.  (Tate

12  Declaration, Attachment 1, p.1.)   The date on the entry in the column following the September 7,

13  2004 entry appears to be April 29, 2004, in which case it is out of sequence; it could also be

14  September 29, 2004.  (Id.)  In either event, plaintiff weighed 211 pounds at the time of that entry.

15  Id.  By the date of the next entry, June 3, 2005, plaintiff weighed 218 pounds.  (Id.)  If the dates

16  are chronological across the chart, no weight loss is shown; in any event, even if the third date is

17  April 29, 2004, no weight loss is shown for the period at bar.  Plaintiff is 6'3" tall.  (Tate

18  Declaration at ¶ 4.)  Dr. Tate avers that the ideal body weight for a moderately active 6'3" male is

19  between 150 and 198 pounds.  (Id.)

20  II.  Legal Standards

21            Plaintiff claims that defendant Meraz violated his rights under the Eighth

22  Amendment when he failed to provide plaintiff with meals.  The Constitution imposes on prison

23  officials a duty to provide humane conditions of confinement; officials must ensure that inmates

24  receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to

25  guarantee the safety of inmates.  Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).  "Adequate

26  food is a basic human need protected by the Eighth Amendment. Hoptowit v. Ray, 682 F.2d at

5

1246. While prison food need not be 'tasty or aesthetically pleasing,' it must be 'adequate to maintain health.' LeMaire [v. Maass], 12 F.3d [1444] at 1456 [(9th Cir. 1993)]." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996).  In LeMaire, the United States Court of Appeals for the Ninth Circuit noted that "[i]n Hutto v. Finney, 437 U.S. 678, 686-87, 98 S.Ct. 2565, 2571-72, 57 L.Ed.2d 522 (1978), the Supreme Court observed that serving inmates a tasteless food concoction called 'grue', which provided only 1000 calories a day, might be unconstitutional if served for long periods," specifically, "'a diet of "grue" might be tolerable for a few days and intolerably cruel for weeks or months.'" LeMaire, 12 F.3d at 1456 (quoting Hutto, 437 U.S. at 686-87.)

An Eighth Amendment claim has two components:  an objective component, which requires proof of a "sufficiently serious" deprivation, and a subjective component, which requires proof that the defendant acted with a culpable state of mind.  LeMaire, 12 F.3d at 1451. To prevail on his Eighth Amendment claim, "plaintiff must prove a denial of 'the minimal civilized measure of life's necessities,' Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981), occurring through 'deliberate indifference' by prison personnel or officers, Wilson v. Seiter, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 2326-27 (1991) (citations omitted)." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996).  Deliberate indifference is shown where there is a proof that a prison "official knows of and disregards an excessive risk to inmate health or safety;  the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  However, "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 841.

/////

/////

6

III.  <u>Application</u>

Defendant seeks summary judgment on the grounds that (1) even if the denial of meals alleged by plaintiff is true, the deprivation did not pose a substantial risk of harm to plaintiff's health as he received a sufficient number of calories per day to remain healthy; (2) the evidence does not support a finding that defendant was deliberately indifferent; (3) plaintiff did not suffer a cognizable physical injury; and (4) defendant is entitled to qualified immunity. Plaintiff opposes each of these arguments, and contends that the facts show he is entitled to summary judgment.

It is clear that the parties dispute the number of meals missed by plaintiff over the two month period at issue.  That dispute is only material, however, if, viewing the facts in the light most favorable to plaintiff, the number of meals missed left plaintiff with inadequate nutrition to maintain his health.  <u>See</u> <u>Keenan v. Hall</u>, <u>supra</u>.

Plaintiff has presented evidence that he missed one meal on each of the following days:  August 19, 21, 22, 23, 24, 29, 30, and 31, 2004 and September 1, 2, 5, 6, 7, 8, 10, and 11, 2004.  Plaintiff has presented evidence that he missed two meals on August 25, 26, 27, and 28, 2004, and September 3, 4, 9, 14, 15, 16, 17, 18, 21, 22, 23, 24, and 25, 2004.  Plaintiff testified at his deposition that he ate dinner every day and there is no evidence that plaintiff missed dinner on any of the days on which he missed breakfast, or lunch, or both.

In support of the motion for summary judgment, defendant has presented evidence of the caloric intake plaintiff received on most of the foregoing days absent the meals he claims he did not receive.[4]  Over the thirty-eight day period at bar, plaintiff missed one or two meals on thirty-three days.  He had dinner every day.  (Defendant's Ex. D.)  On the days when he claims he missed meals the remaining caloric intake would have provided a range from a low of 1028

---

[4]  Defendant has not provided caloric intake information for August 22, 23, 24, 29 or 30, 2004, or September 5, 6, or 9, 2004.  Plaintiff only claims to have missed one meal on each of those days, and it is reasonable to infer that his caloric intake did not fall below the low end of the range on any of those days.

1  calories to a high of 2652 calories. (<u>See</u> Declaration of S. Summersett, filed July 13, 2007.)

2  Plaintiff testified at his deposition that his injury from the alleged deprivation of food was weight

3  loss and mild dizziness. (<u>See</u> Defendant's Ex. D.)  As noted above, according to the parties,

4  plaintiff lost seven pounds between July 2004 and October 2004.  It is undisputed that plaintiff's

5  body weight never fell below a healthy weight for a man of his height and activity level during

6  any time relevant to this action.

7           After review of the record herein, the court finds that plaintiff has failed to present

8  evidence sufficient to raise a triable issue of material fact on the question of whether defendant

9  Meraz violated plaintiff's rights under the Eighth Amendment by denying him meals.

10  Specifically, even assuming that defendant Meraz denied plaintiff every meal plaintiff claims to

11  have been denied, the undisputed evidence shows that plaintiff's diet during the period in

12  question was adequate to maintain plaintiff's health.  There is no evidence that the deprivation

13  alleged was "sufficiently serious" to satisfy the objective component of plaintiff's Eighth

14  Amendment claim.  For this reason, plaintiff's cross-motion for summary judgment should be

15  denied and defendant' motion for summary judgment should be granted.[5]

16           In accordance with the above, IT IS HEREBY ORDERED that plaintiff's July 30,

17  2007 motion to designate plaintiff's opposition to defendant's motion for summary judgment as

18  an opposition and a cross-motion for summary judgment is granted; and

19           IT IS HEREBY RECOMMENDED that:

20           1.  Plaintiff's July 30, 2007 cross-motion for summary judgment be denied; and

21           2.  Defendant's July 13, 2007 motion for summary judgment be granted.

22           These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

24

25           [5]  Because the evidence does not establish the objective component of an Eighth

26  Amendment violation, the court need not reach the remaining arguments raised by the parties in
   their cross-motions for summary judgment.

1  days after being served with these findings and recommendations, any party may file written

2  objections with the court and serve a copy on all parties.  Such a document should be captioned

3  "Objections to Magistrate Judge's Findings and Recommendations."[6]  The parties are advised

4  that failure to file objections within the specified time may waive the right to appeal the District

5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  DATED:   March 3, 2008.

7

8                                                              UNITED STATES MAGISTRATE JUDGE

9

10  12

11  fost0148.57

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [6]  **The twenty day period will not be extended.**

9